**BURRIS, NISENBAUM, CURRY, & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
BENJAMIN NISENBAUM, Esq. (SBN 222173)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
ben.nisenbaum@bncllaw.com

**BURRIS, NISENBAUM, CURRY, & LACY LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

**THE LAW FIRM OF HENRY TANNER LLC**
HENRY W. TANNER, JR, Esq. (MO #66277)
1432 E. 49th Terrace
Kansas City, Missouri 64110
Telephone: (816) 547-2162
Facsimile: (816) 393-0338
henry@htannerlaw.com

Attorneys for Plaintiff,
TINA RICHARDSON
as successor-in-interest
to Decedent Caleb Slay

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MISSOURI**

**SOUTHERN DIVISION**

| | |
|---|---|
| TINA RICHARDSON, individually and as successor-in-interest to Decedent Caleb Slay,<br><br>       Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ANTHONY GASPERONI, individually and in his official capacity as an agent for the United States Drug Enforcement Administration; JOHN STUART, individually and in his official capacity as an agent for the United States Drug Enforcement Administration; DOES 1-20, inclusive, individually and in their official capacity as agents for the United States Drug Enforcement Administration; CITY OF SPRINGFIELD, a municipal entity; C. NUCCIO, individually and in his official capacity as sergeant for the Springfield Police Department; and DOES 21-40, inclusive, individually and in their official capacity as police officers for the Springfield Police Department,<br><br>       Defendants. | CASE NO.: 6:23-cv-03337-RK<br><br>(*Honorable District Judge Roseann A. Ketchmark*)<br><br>**PLAINTIFF'S MOTION TO MODIFY THE COURT'S RULE 16 SCHEDULING ORDER AND REQUEST TO CONTINUE RULE 26 DEADLINES**<br><br>Complaint Filed: October 31, 2023 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

  PLEASE TAKE NOTICE that as soon as the matter can be heard, in the courtroom of the Honorable District Judge Roseann A. Ketchmark, situated in the United States Courthouse, Western District of Missouri, Southern Division, Plaintiff, Tina Richardson, by and through her counsel of record, will make a motion to the Court requesting an Order to Modify the Court's Rule 16 Scheduling Order of December 8, 2023 and Continue the Rule 26 Deadlines. Defendant United States moved for an extension of the Rule 26(f) Conference with its Notice of Filing on January 4, 2024. Defendants City of Springfield and C. Nuccio do not oppose the present Motion.

PG. 2                       Case No.: 6:23-cv-03337-RK
**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
AND REQUEST TO CONTINUE RULE 26 DEADLINES**
Case 6:23-cv-03337-RK   Document 25   Filed 01/22/24   Page 2 of 11

This Motion shall be based on Federal Rules of Civil Procedure § 16(b), MOWD Local Rules 16.1, 16.3, and 26.1, this Court's Rule 16 Order (Dkt. No. 18), and is predicated on good cause, the interests of justice, and because granting the Order to modify the Court's Scheduling Order and continuing the Rule 26 Deadlines will not unduly prejudice the Defendants in this action. This motion is further based upon this Notice; the attached Memorandum of Points and Authorities; upon the records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing the motion.

Dated: January 22, 2024    **BURRIS NISENBAUM CURRY & LACY**

*/s/ Julia N. Quesada*
John L. Burris
DeWitt M. Lacy
Julia N. Quesada
Lena P. Andrews

Attorneys for Plaintiff,
Tina Richardson

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This civil rights action against the United States of America, DEA Agent Anthony Gasperoni, DEA Agent John Stuart, and DOES 1 through 20 (hereinafter collectively "U.S. Defendants"), and the City of Springfield, Sergent C. Nuccio, and DOES 21 through 40 (hereinafter collectively "City Defendants"), was brought pursuant to violations of Title 42 U.S.C §§ 1983, and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; Title 28 U.S.C. § 2671, Federal Torts Claims Act; *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); Wrongful Death under Missouri Revised Statute § 537.080; and under the common law of Missouri. The claims arise from the egregious shooting and killing of Decedent Caleb Slay by DEA Agent Anthony Gasperoni, as well as the actions and omissions by DEA Agent John Stuart, and Springfield Police Sergeant C. Nuccio, on November 2, 2020. Decedent Caleb is survived by his mother, Tina Richardson.

Plaintiff seeks a modification of the Court's Rule 16 Scheduling Order of December 8, 2023. Specifically, Plaintiff seeks a continuance of the Rule 26 Deadlines because there are two parties that have yet to appear in this litigation – Defendants Anthony Gasperoni and John Stuart. Following a Notice of Filing for lack of proper service on the United States of America, Anthony Gasperoni, and John Stuart, for failure to serve the Attorney General as to the federal Defendants (Dkt. No. 21), Plaintiff immediately sought to rectify the problem and requested issuance of summons for the Attorney General. Thereafter Plaintiff served the Attorney General as to Defendants United States of America, Anthony Gasperoni, and John Stuart, in accordance with Federal Rule of Civil Procedure 4(i), on January 15, 2024. (See Dkt. Nos. 22, 23, 24). In its Notice of Lack of Proper Service, Defendant United States of America moved for an extension to complete the Rule 26(f) Conference set by this Court's Rule 16 Order (Dkt. No. 18). Plaintiff maintains that all parties have now been properly served, however, the federal Defendants Anthony Gasperoni and John Stuart have not made their first appearance in this action. Additionally, there is a pending Rule 12(b)(6) Motion to Dismiss filed by Defendants City of Springfield and C.

Nuccio (Dkt. No. 16). As such, all parties to the litigation are not able to meaningfully participate in a Rule 26(f) Conference or propose a scheduling order for this litigation.

Plaintiff contends there is good cause to continue the Rule 26(f) Deadlines because all parties have yet to appear in the action, Defendants United States of America also request an extension, Defendants City of Springfield and C. Nuccio do not oppose a continuance of the Rule 26(f) deadlines, Plaintiff has demonstrated diligence to meet this Court's Rule 16 Order deadlines, and there is no undue prejudice to Defendants. Based on the reasons stated herein, Plaintiff respectfully requests this Court to issue an Order Modifying the Scheduling Order and Continuing the Deadline to complete Rule 26(f) requirements.

**STATEMENT OF FACTS**

The facts giving rise to this action are set forth in Plaintiff's Complaint filed with this Court on October 31, 2023. (See generally Dkt. No. 1) (See also Declaration of Julia N. Quesada, hereinafter "Quesada Decl.", ¶ 2). This Court issued its Rule 16 Order on December 8, 2023. (Dkt. No. 18). In the Rule 16 Order, this Court set the following deadlines: Rule 26(f) Conference by January 7, 2024; Deadline to File Designation of Outside Mediator - January 19, 2024; Deadline to File Proposed Scheduling Order – January 21, 2024; and Deadline to Complete Mediation – March 22, 2024. (Dkt. No. 18). For the reasons stated below, the parties have not held their Rule 26(f) Conference.

On December 7, 2023, Defendants City of Springfield and C. Nuccio filed a Motion to Dismiss the Complaint as to Plaintiff's claims against the City Defendants. (Dkt. Nos. 16, 17). Plaintiff filed her Suggestions in Opposition to City Defendants' Motion to Dismiss on December 21, 2023. (Dkt. No. 19). Defendants City of Springfield and C. Nuccio filed their Reply Suggestions to their Motion to Dismiss on January 3, 2024. (Dkt. No. 20).

On January 2, 2024, Plaintiff's Counsel received a letter from the Assistant United States Attorney on behalf of the United States of America (hereinafter "United States"), notifying that the United States had not been properly served under Federal Rule of Civil Procedure 4(i). See Fed. R. Civ. Proc. 4(i)(1)(B) (See also Quesada Decl. ¶ 3). The Assistant United States Attorney

further indicated that the federal agents, Anthony Gasperoni and John Stuart, had likewise not been properly served under Federal Rule of Civil Procedure 4(i). *Id.* Thereafter the Assistant United States Attorney filed a Notice of Filing regarding Lack of Proper Service and Motion to Extend the Rule(f) Conference on behalf of the United States on January 4, 2024. (Dkt. No. 21).

In order to cure the defect with service, Plaintiff submitted a request for issuance of summons as to the United States Attorney General for Defendants United States, Anthony Gasperoni, and John Stuart. The summonses were issued on January 11, 2024. The United States Attorney General was served on January 15, 2024. Plaintiff filed the Certificate(s) of Service of Complaint returned executed as to the United States Attorney General for Defendants United States, Anthony Gasperoni, and John Stuart on January 17, 2024. (Dkt. Nos. 22, 23, 24).

On January 12, 2024, Counsel for Defendants Anthony Gasperoni and John Stuart informed Plaintiff's Counsel via email that he was authorized to accept service on the federal agents' behalf. (Quesada Decl. ₱ 4). On January 15, 2024, Plaintiff's Counsel personally served Defendants Anthony Gasperoni and John Stuart via email with the summons, complaint, and other case-initiating documents, and filed the Certificate of Service of Complaint Returned Executed on January 17, 2024. (Dkt. Nos. 23, 24) (Quesada Decl. ₱ 4).

Plaintiff's Counsel notified Counsel for Defendants City of Springfield and C. Nuccio of the present Motion to Modify the Rule 16 Order and Continue the Rule 26(f) deadlines on January 17, 2024. (Quesada Decl. ₱ 5). City Defendants' Counsel responded on January 18, 2024, that City Defendants do not oppose the present Motion. *Id.*

In light the issues around service of the United States, Anthony Gasperoni, and John Stuart, the Notice of Filing regarding Lack of Proper Service and Motion to Extend the Rule 26(f) Conference (Dkt. No. 21), the City Defendants' pending Motion to Dismiss (Dkt. No. 16) and non-opposition to the present Motion, Plaintiff maintains there is good cause to continue the Rule 26(f) deadlines and the prejudice to the Defendants, if any, is *de minimus*. Accordingly, Plaintiff hereby moves this Court for an Order to Modify the Rule 16 Order and Continue the Rule 26(f) Deadlines.

PG. 6     Case No.: 6:23-cv-03337-RK
**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
AND REQUEST TO CONTINUE RULE 26 DEADLINES**
Case 6:23-cv-03337-RK    Document 25    Filed 01/22/24    Page 6 of 11

# ARGUMENT

## I. STANDARD OF REVIEW

It is within the discretion of the district court whether to grant the motion to modify a case management order. *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir.1999), cert. denied sub nom. *Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.*, 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000). Federal Rule of Civil Procedure 16(b) specifies that a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). Thus, Plaintiff, as the moving party here, must first make the requisite showing of good cause. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001), citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "'[T]he existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." *Id.*

## II. THERE IS GOOD CAUSE TO MODIFY THE RULE 16 ORDER AND CONTINUE THE RULE 26(f) DEADLINES

This Court's Rule 16 Order provides in part, that, "[a]ll motions for extension of time must state: (a) the date when the action is/was due; (b) the number and length of the previous extension(s); (c) the cause for the requested extension; and (d) whether or not the requested extension is opposed (agreement by counsel of a requested extension is not binding on the Court). (Dkt. No. 18 at ¶ 5). Plaintiff maintains that good cause exists to warrant modification to the Rule 16 Order and continue the Rule 26(f) deadlines.

### A. The Rule 26(f) Conference Deadlines Passed

The Court's Rule 16 Order (Dkt. No. 18) set the Rule 26(f) deadlines for this action, which the parties have not been able to complete for the reasons stated herein. The deadline for the parties to complete the Rule 26(f) Conference was on January 7, 2024, the deadline for the parties to file a designation of mediator was on January 19, 2024, and the deadline for the parties to file a

proposed scheduling order was on January 21, 2024. The only deadline in this Court's Rule 16 Order that has not yet lapsed is the deadline for mediation which is on March 22, 2024.

Due to the issues with service on the federal defendants, Counsel for the United States, was not known to Plaintiff until January 2, 2024. Likewise, Counsel for Anthony Gasperoni and John Stuart was likewise unknown to Plaintiff until January 12, 2024. Following the Notice of Filing regarding lack of proper service on the United States, Plaintiff focused her efforts on curing the defects with service on the federal defendants to ensure all parties were properly and timely served in accordance with Federal Rules of Civil Procedure. Once counsel for all parties had been realized, the deadlines for completing Rule 26(f) requirements had already passed. Moreover, Defendant United States had already filed its Notice of Filing and Motion for an extension of the Rule 26(f) conference. Plaintiff thereafter contacted Counsel for the City Defendants to inquire about continuing the Rule 26(f) deadlines, to which City Defendants consented, and which is the Motion presently before the Court.

### B. This is the First Requested Extension

The is Plaintiff's first request for an extension in this action. The United States previously moved for an Order extending the deadline for the parties to complete the Rule 26(f) Conference concurrently with the Notice of Filing regarding lack of proper service on January 4, 2024. (Dkt. No. 21). Other than the Motion to Extend the Rule 26(f) Conference Deadline filed by the United States and Plaintiff's Motion now, no other extensions have been requested in this litigation.

### C. There is Good Cause for an Extension

Plaintiff contends that good cause exists to warrant a continuance of the Rule 26(f) deadlines in the present matter. Due to the recent notice of lack of proper service on the United States, Anthony Gasperoni, and John Stuart, Plaintiff had to request issuance of summons for the United States Attorney General and then effect proper service of the summons, complaint, and other case-initiating documents in accordance with Federal Rule of Civil Procedure 4(i). All parties have been properly served with the summons and complaint as of January 15, 2024. Notwithstanding the parties all being properly served, only the City Defendants and United States

have entered their first appearance in the litigation. Moreover, only the City Defendants have filed a responsive pleading to Plaintiff's Complaint. Defendant United States has entered an appearance, but only for the purpose of filing a Notice of Filing regarding the lack of proper service. Defendant United States has not filed a responsive pleading yet. The federal agent defendants, Anothony Gasperoni and John Stuart, have yet to appear at all in the litigation. As such, the parties have not been in a position to engage meaningfully in a Rule 26(f) Conference and discuss a proposed scheduling order. Thus, there is good cause to warrant an extension of the Rule 26(f) deadlines.

**D. The Requested Extension is Unopposed**

As stated supra, the United States filed a Motion to Extend the Rule 26(f) Conference Deadline concurrently with its Notice of Filing on January 4, 2024. (Dkt. No. 21). Plaintiff emailed Counsel for Defendants City of Springfield and C. Nuccio on January 17, 2024 to request their consent to a motion to continue the Rule 26(f) deadlines in light of the issues with service on the federal defendants and the City Defendants' pending Motion to Dismiss (Dkt. No. 16). Counsel for City Defendants informed Plaintiff on January 18, 2024 that City Defendants do not oppose the present Motion to Modify the Scheduling Order and Continue the Rule 26(f) Deadlines. Defendants Anthony Gasperoni and John Stuart have yet to appear in this action and therefore consent to the present motion was neither sought nor required. Accordingly, all parties who have entered their appearance in this action have consented to the present Motion and do not oppose Plaintiff's request for an Order continuing the Rule 26(f) Deadlines.

**III. THERE IS NO UNDUE PREJUDICE TO THE DEFENDANTS**

The parties who have appeared in this action agree that continuing the Rule 26(f) deadlines is justified under the present circumstances. Namely, there are two defendants, Anthony Gasperoni and John Stuart, who have yet to appear the action, Defendant United States has not filed a responsive pleading yet, and a motion to dismiss filed by Defendants City of Springfield and C. Nuccio is currently pending. In order to engage in a meaningful Rule 26(f) Conference, all parties to the litigation should be present and participate. With the pleadings not set and the necessary parties having not all appeared, any Rule 26(f) Conference would be premature and any dates

proposed in a scheduling order would likely need to be modified. Continuing the deadlines for completing the Rule 26(f) requirements until after the pleadings are finalized and all parties have entered appearances would allow all parties to meaningfully participate and would prevent the need for the parties to seek additional modifications to the scheduling and requests for extensions. All parties who entered an appearance agree that a continuance of the Rule 26(f) deadlines would be beneficial under the present circumstances. As such, there is no undue prejudice to the Defendants; any prejudice is *de minimus*.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court issue an Order to Modify the Rule 16 Order and Continue the Rule 26(f) Conference deadlines.

Respectfully submitted,

Dated: January 22, 2024        **BURRIS NISENBAUM CURRY & LACY**

By: */s/ Julia N. Quesada*
    JOHN L. BURRIS
    DeWITT M. LACY
    JULIA N. QUESADA
    LENA P. ANDREWS

    Attorneys for Plaintiff,
    Tina Richardson

PG. 10      Case No.: 6:23-cv-03337-RK
**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
AND REQUEST TO CONTINUE RULE 26 DEADLINES**
Case 6:23-cv-03337-RK    Document 25    Filed 01/22/24    Page 10 of 11

## CERTIFICATE OF SERVICE

I, Julia N. Quesada, hereby certify that the foregoing was filed through the CM/ECF system on January 22, 2024, which provided notice to all attorneys of record.

*/s/ Julia N. Quesada*
Julia N. Quesada