**BURRIS, NISENBAUM, CURRY, & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
BENJAMIN NISENBAUM, Esq. (SBN 222173)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
ben.nisenbaum@bncllaw.com

**BURRIS, NISENBAUM, CURRY, & LACY LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

**THE LAW FIRM OF HENRY TANNER LLC**
HENRY W. TANNER, JR, Esq. (MO #66277)
1432 E. 49th Terrace
Kansas City, Missouri 64110
Telephone: (816) 547-2162
Facsimile: (816) 393-0338
henry@htannerlaw.com

Attorneys for Plaintiff,
TINA RICHARDSON
as successor-in-interest
to Decedent Caleb Slay

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TINA RICHARDSON, individually and as successor-in-interest to Decedent Caleb Slay,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ANTHONY GASPERONI, individually and in his official capacity as an agent for the United States Drug Enforcement Administration; JOHN STUART, individually and in his official capacity as an agent for the United States Drug Enforcement Administration; DOES 1-20, inclusive, individually and in their official capacity as agents for the United States Drug Enforcement Administration; CITY OF SPRINGFIELD, a municipal entity; C. NUCCIO, individually and in his official capacity as sergeant for the Springfield Police Department; and DOES 21-40, inclusive, individually and in their official capacity as police officers for the Springfield Police Department,<br><br>Defendants. | CASE NO.: 6:23-cv-03337-RK<br><br>(*Honorable District Judge Roseann A. Ketchmark*)<br><br>**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT UNITED STATES MOTION TO SUBSTITUTE UNITED STATES AS PARTY-DEFENDANT**<br><br>Complaint Filed: October 31, 2023 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff, Tina Richardson (hereinafter "Plaintiff"), by and through her counsel of record, hereby submits the following Suggestions to the Court in Opposition to Defendant United States' Motion to Substitute the United States as Party-Named Defendant on Plaintiff's State Law Claims for Negligent Wrongful Death, Assault and Battery, Intentional Infliction of Emotional Distress, and Negligence. These Suggestions in Opposition shall be based upon the Federal Rules of Civil Procedure, West District of Missouri Local Rules, and the Orders of this Court. These Suggestions in Opposition are further based upon the attached Memorandum of Points and Authorities; upon

PG. 2     Case No.: 6:23-cv-03337-RK
**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO SUBSTITUTE**
Case 6:23-cv-03337-RK    Document 32    Filed 03/14/24    Page 2 of 8

the records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing the motion.

Dated: March 13, 2024  **BURRIS NISENBAUM CURRY & LACY**

*/s/ Julia N. Quesada*
John L. Burris
DeWitt M. Lacy
Julia N. Quesada
Lena P. Andrews

Attorneys for Plaintiff,
Tina Richardson

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This civil rights action against the United States of America, DEA Agent Anthony Gasperoni, DEA Agent John Stuart, and DOES 1 through 20 (hereinafter collectively "U.S. Defendants"), and the City of Springfield, Sergent C. Nuccio, and DOES 21 through 40 (hereinafter collectively "City Defendants"), was brought pursuant to violations of Title 42 U.S.C §§ 1983, and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; Title 28 U.S.C. § 2671, Federal Torts Claims Act; *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); Wrongful Death under Missouri Revised Statute § 537.080; and under the common law of Missouri. The claims arise from the egregious shooting and killing of Decedent Caleb Slay by DEA Agent Anthony Gasperoni, as well as the actions and omissions by DEA Agent John Stuart, and Springfield Police Sergeant C. Nuccio, on November 2, 2020. Decedent Caleb is survived by his mother, Tina Richardson.

It is undisputed that all parties to this action have been properly served with summons. However, Defendant United States now moves to substitute and designate the United States as party-defendant in the stead of Defendants Gasperoni and Stuart, in both their individual and official capacities, on Plaintiff's state law causes of action, pursuant to 28 U.S.C. section 2679(d)(1). (Dkt. No. 28.) The causes of action which the United States seeks to be substituted in as party-defendant are Plaintiff's Sixth Cause of Action for Negligent Wrongful Death, Seventh Cause of Action for Assault and Battery, Eighth Cause of Action for Intentional Infliction of Emotional Distress, and Ninth Cause of Action for Negligence. (Id.) (See also Dkt. No. 1.) The United States contends that the Certification made by the First Assistant United States Attorney for the Western District of Missouri, Jeffrey P. Ray, (Dkt. No. 28-1), is sufficient to establish the scope of employment which DEA Agent Defendants Gasperoni and Stuart were working at the time of the incident.

Plaintiff submits that the related state common law intentional torts, and statutory violations for negligence and wrongful death pursuant to Missouri Revised Statute section 537.080, are properly plead against Defendants Gasperoni and Stuart because whether the acts and omissions of Defendants Gasperoni and Stuart were committed within the scope of their employment as federal DEA agents is a disputed question of material fact and the Certification made thereto is subject to judicial review. As such, this Court should deny the United States' Motion to Substitute as Party-Defendant for Plaintiff's state law causes of action against Defendants Gasperoni and Stuart.

## STATEMENT OF FACTS

The facts giving rise to this action are set forth in Plaintiff's Complaint filed with this Court on October 31, 2023. (See generally Dkt. No. 1) (See also Declaration of Julia N. Quesada (hereinafter "Quesada Decl."), ¶ 2). In the late afternoon on November 2, 2020, Decedent Caleb Slay (hereinafter "Decedent Caleb") was parked out front of his home in Springfield, Missouri, when two unmarked DEA vehicles pulled up and parked in front of his house. *Id.* The two DEA Agents, Anthony Gasperoni and John Stuart, were surveilling the area. *Id.*

As Decedent Caleb began walking up his driveway to the front door of his house, Defendant Gasperoni ordered Decedent Caleb to stop, and Decedent Caleb complied. (Quesada Decl. ¶ 3). Decedent Caleb informed Defendant Gasperoni of his legal firearm, then slowly extended both hands out in front of his body showing Defendant Gasperoni that he was not holding any weapon and did not pose any threat. *Id.*

During this interaction, Defendant Gasperoni took hold of Decedent Caleb's wrists while Defendant Stuart approached from behind without any warning. (Quesada Decl. ¶ 4). Defendant Stuart grabbed Caleb and one of the Defendant Agents, and Decedent Cale, fell to the ground. *Id.* While the Defendant Agent and Decedent Caleb were on the ground, Defendant Gasperoni deployed his taser against Decedent Caleb's neck. *Id.* Defendant Gasperoni then took out his firearm and without warning fired at least three bullets at Decedent Caleb, striking Decedent Caleb in the head twice. *Id.*

PG. 5     Case No.: 6:23-cv-03337-RK
**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO SUBSTITUTE**
Case 6:23-cv-03337-RK    Document 32    Filed 03/14/24    Page 5 of 8

Springfield Police Officers were dispatched to the scene after reports of shots fired. (Quesada Decl. ¶ 5). Springfield Police Department Sergeant, C. Nuccio (hereinafter "Defendant Nuccio") was one of the first officers on scene after the shooting. *Id.*

Defendant Nuccio approached Decedent Caleb who was visibly bleeding from the head and severely injured. (Quesada Decl. ¶ 6). Defendant Nuccio made the determination that Decedent Caleb did not have a pulse and did not require immediate medical attention. *Id.* Consequently, Defendant Nuccio prevented emergency medical responders from immediately rendering aid and life saving measures to Decedent Caleb. *Id.* Emergency medical personnel were permitted to tend to Decedent Caleb several minutes later and, contrary to Defendant Nuccio's initial determination, a low pulse was found. *Id.* Decedent Caleb succumbed to injuries and died in his front yard. *Id.*

Defendant Gasperoni works in conjunction with the Springfield Police Department ("SPD") and has an assigned credential number (# 503951) and badge number. (Quesada Decl. ¶ 7, Ex. A at 3). At the time of this encounter, Defendants Gasperoni and Stuart were assisting a local law enforcement task force. (Quesada Decl. ¶ 7, Ex. A at 3) (Quesada Decl. ¶ 8, Ex. B at 3). Defendants Gasperoni's and Stuart's involvement were initiated by City of Springfield Task Force Officer, Nick Mittag ("TFO Mittag"). *Id.* TFO Mittag contacted Defendants Gasperoni and Stuart for assistance with mobile surveillance. *Id.* Defendants Gasperoni and Stuart were surveilling a red car in a Wal-Mart parking lot for several minutes before they followed the car to a residential street where Decedent Caleb lived. (Quesada Decl. ¶ 7, Ex. A) (Quesada Decl. ¶ 8, Ex. B). When Defendants Gasperoni and Stuart made contact with the drivers of the subject cars, Defendant Stuart announced "police" as he approached and was wearing a vest that said "police" on it. (Quesada Decl. ¶ 8, Ex. B at 10-12). Defendants Gasperoni and Stuart were wearing plain clothes at the time of the incident, they were assisting SPD Task Force doing local law enforcement functions. *Id.*

Thus, there are questions of fact as to whether Defendants Gasperoni and Stuart were acting within their scope and employment with the DEA. As such, United States' Motion to Substitute as Party-Defendant for Defendants Gasperoni and Stuart as to Plaintiff's state law causes of action should be denied.

## ARGUMENT

"The remedy against the United States ... for injury ... from the negligent or wrongful act of any employee of the Government while acting within the scope of his office or employment is exclusive...." 28 U.S.C. § 2679(d)(1). The immunity is triggered when the Attorney General or his designate certifies that federal employees have been sued for conduct within the scope of their employment. *Brown v. Armstrong*, 949 F.2d 1007, 1010 (8th Cir. 1991). "Upon certification ... the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). "When the government moves for substitution, the Attorney General's certification, although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employ. Therefore, the burden of altering that status quo is on the plaintiff, who must come forward with specific facts rebutting the government's scope-of-employment certification." *Brown v. Armstrong*, 949 F.2d 1007, 1010 (8th Cir. 1991) (internal quotations omitted). "To rebut the certification and obtain discovery, a plaintiff must alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment... If a plaintiff meets this pleading burden, he may, if necessary, attain limited discovery to resolve any factual disputes over jurisdiction." *Taylor v. Clark*, 821 F.Supp.2d 370, 373 (D.D.C. 2011) (internal quotations omitted), citing, Wuterich v. Murtha, 562 F.3d 375, 380 (D.C.Cir.2009); see also *Osborn v. Haley*, 549 U.S. 225, 229 (2007).

Here, Plaintiff maintains that there is a genuine dispute of material facts as to whether Defendants Gasperoni and Stuart were acting within the scope of their employment with the DEA. Specifically, Defendants Gasperoni and Stuart were both called by a Springfield Task Force Officer, TFO Mittag. Defendants Gasperoni and Stuart were surveilling a red car as part of the

mobile surveillance initiated by the local task force. Neither Defendant Gasperoni, nor Defendant Stuart encountered Decedent Caleb while out on assignment for the DEA, they were assisting local law enforcement. Moreover, Defendant Gasperoni, although a DEA agent, works for the Springfield Police Department and operates under an assigned SPD credential number and badge number. Similarly, Defendant Stuart was wearing a body vest that was marked as "police" and further announced himself as "police" during the encounter. There remain questions of fact as to whether the acts and omissions of Defendants Gasperoni and Stuart were acting within their scope of employment with the DEA at the time they encountered Decedent Caleb and exercised lethal force. Therefore, the United States should not be substituted as Party-Defendant for Plaintiff's state law claims against Defendants Gasperoni and Stuart.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny the United States' Motion to Substitute as Party-Defendant in the stead of Defendants Gasperoni and Stuart as to Plaintiff's state law claims.

Respectfully submitted,

Dated: March 13, 2024          **BURRIS NISENBAUM CURRY & LACY**

By: */s/ Julia N. Quesada*
    JOHN L. BURRIS
    BEN NISENBAUM
    DeWITT M. LACY
    JULIA N. QUESADA
    LENA P. ANDREWS

Attorneys for Plaintiff,
Tina Richardson

PG. 8      Case No.: 6:23-cv-03337-RK
**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO SUBSTITUTE**
Case 6:23-cv-03337-RK    Document 32    Filed 03/14/24    Page 8 of 8