**Burris, Nisenbaum, Curry, & Lacy LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
BENJAMIN NISENBAUM, Esq. (SBN 222173)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
ben.nisenbaum@bncllaw.com

**Burris, Nisenbaum, Curry, & Lacy LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

**The Law Firm of Henry Tanner LLC**
HENRY W. TANNER, JR, Esq. (MO #66277)
1432 E. 49th Terrace
Kansas City, Missouri 64110
Telephone: (816) 547-2162
Facsimile: (816) 393-0338
henry@htannerlaw.com

Attorneys for Plaintiff,
TINA RICHARDSON
as successor-in-interest
to Decedent Caleb Slay

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MISSOURI

### SOUTHERN DIVISION

| | |
|---|---|
| TINA RICHARDSON, individually and as successor-in-interest to Decedent Caleb Slay,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ANTHONY GASPERONI, individually and in his official capacity as an agent for the United States Drug Enforcement Administration; JOHN STUART, individually and in his official capacity as an agent for the United States Drug Enforcement Administration; DOES 1-20, inclusive, individually and in their official capacity as agents for the United States Drug Enforcement Administration; CITY OF SPRINGFIELD, a municipal entity; C. NUCCIO, individually and in his official capacity as sergeant for the Springfield Police Department; and DOES 21-40, inclusive, individually and in their official capacity as police officers for the Springfield Police Department,<br><br>      Defendants. | CASE NO.: 6:23-cv-03337-RK<br><br>(*Honorable District Judge Roseann A. Ketchmark*)<br><br>**DECLARATION OF JULIA N. QUESADA IN SUPPORT OF PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO DISMISS** |

I, Julia N. Quesada, declare:

  1. I am an attorney who is licensed to practice law in California and admitted to practice before this Court. I represent the Plaintiff in the above captioned matter and I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

  2. The facts giving rise to this action are set forth in Plaintiff's Complaint filed with this Court on October 31, 2023. (See generally ECF No. 1). In the late afternoon on November 2, 2020, Decedent Caleb Slay (hereinafter "Decedent Caleb") was parked out front of his home in Springfield, Missouri, when two unmarked DEA vehicles pulled up and parked in front of his house. The two DEA Agents, Anthony Gasperoni and John Stuart, were surveilling the area.

PG. 2  Case No.: 6:23-cv-03337-RK
**DECLARATION OF JULIA N. QUESADA IN SUPPORT OF PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO DISMISS**

3. As Decedent Caleb began walking up his driveway to the front door of his house, Defendant Gasperoni ordered Decedent Caleb to stop, and Decedent Caleb complied. Decedent Caleb informed Defendant Gasperoni of his legal firearm, then slowly extended both hands out in front of his body showing Defendant Gasperoni that he was not holding any weapon and did not pose any threat.

4. During this interaction, Defendant Gasperoni took hold of Decedent Caleb's wrists while Defendant Stuart approached from behind without any warning. Defendant Stuart grabbed Caleb and one of the Defendant Agents, and Decedent Cale, fell to the ground. While the Defendant Agent and Decedent Caleb were on the ground, Defendant Gasperoni deployed his taser against Decedent Caleb's neck. Defendant Gasperoni then took out his firearm and without warning fired at least three bullets at Decedent Caleb, striking Decedent Caleb in the head twice.

5. Springfield Police Officers were dispatched to the scene after reports of shots fired. Springfield Police Department Sergeant, C. Nuccio (hereinafter "Defendant Nuccio") was one of the first officers on scene after the shooting.

6. Defendant Nuccio approached Decedent Caleb who was visibly bleeding from the head and severely injured. Defendant Nuccio made the determination that Decedent Caleb did not have a pulse and did not require immediate medical attention. Consequently, Defendant Nuccio prevented emergency medical responders from immediately rendering aid and life saving measures to Decedent Caleb. Emergency medical personnel were permitted to tend to Decedent Caleb several minutes later and, contrary to Defendant Nuccio's initial determination, a low pulse was found. Decedent Caleb succumbed to injuries and died in his front yard.

7. Attached hereto as **Exhibit "A"** is a true and correct copy of the transcript of Defendant Anthony Gasperoni's Interview with Springfield Police Department.

8. Attached hereto as **Exhibit "B"** is a true and correct copy of the transcript of Defendant John Stuart's Interview with Springfield Police Department.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2024, at Beverly Hills, California.

**BURRIS NISENBAUM CURRY & LACY**

*/s/ Julia N. Quesada*

Julia N. Quesada

Attorney for Plaintiff,
Tina Richardson