**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TINA RICHARDSON, Individually and as | ) | |
| Successor in Interest to Decedent Caleb Slay | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:23-cv-3337-RK |
| | ) | |
| UNITED STATES OF AMERICA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' REPLY SUGGESTIONS IN SUPPORT OF SUBSTITUTION

In her Complaint, Plaintiff Tina Richardson repeatedly alleges that Defendants Gasperoni and Stuart ("Agents") are "agents of the United States Drug Enforcement Administration," and therefore that "Defendant U.S., by and through the United States Drug Enforcement Administration, is and was the employer of Defendant Gasperoni and Stuart." Complaint, ECF No. 1 at ¶¶ 8-9, 11. She buttresses these allegations with an assertion that, "[t]he United States . . . is being sued for the acts and omissions of Defendants Gasperoni [and] Stuart . . . who at the time they caused Decedent's [Caleb Slay's] and Plaintiff's injuries and damages, were duly qualified and acting officers, employees, and/or agents of the United States Drug Enforcement Administration, and acting within the scope of their employment and/or agency." *Id.* ¶ 20. These allegations and other similar admissions regarding the Agents' status as federal employees are expressly incorporated into Counts VI, VII, VIII, and IX, which are the subject of the United States' Motion to Substitute. *See id.* ¶¶ 116, 122, 131, 141; *see also* Mot., ECF No. 28.

Ignoring her own pleadings, Plaintiff now argues that *Westfall* Act substitution is improper because (1) Agent Gasperoni was supposedly assigned a state police credential number, (2) the Agents encountered Mr. Slay while responding to a tip from a Task Force Officer (TFO), and (3)

1

Agent Stuart shouted "police" during the encounter with Mr. Slay and wore body armor with the word "police" on it. ECF No. 32 at 7–8. She contends that these assertions create a fact dispute and therefore she should be allowed to conduct discovery.

The Court should reject Plaintiff's arguments for three reasons. First, Plaintiff's arguments rest upon an incomplete statement of the applicable legal standard in the Eighth Circuit that fails to acknowledge the weight of Plaintiff's burden to rebut the United States' evidence or obtain discovery. Second, Plaintiff's judicial admissions and other allegations establish that the Agents acted in the scope of federal employment. And third, Plaintiff's flimsy effort to controvert her prior factual admissions and manufacture factual disagreement cites no caselaw and rests upon a misreading of the testimony used to support it. In fact, the interrogation transcripts to which Plaintiff points show that Agents Gasperoni and Stuart were engaged in surveillance and interdiction of suspected drug transactions. ECF No. 32-2 at 8 ("Through my training and experience, and we had just observed a previous narcotics transaction with the occupant of apartment number three . . . and this behavior would be consistent with that of a . . . of a narcotics transaction out of a residence or an apartment."); ECF No. 32-3 at 5 ("[T]he way this guy had acted, it just . . . it rose my suspicion, I think 'oh, this looks like a . . . this looks like a drug transaction.'"). Plaintiff cannot reasonably maintain that Drug Enforcement Agents engaged in surveillance and interdiction of suspected drug transactions act beyond the scope of their federal employment.

In short, Plaintiff cannot bear her burden to show that the Agents acted outside the scope of their federal employment, nor can she create a fact dispute on that issue.

## Legal Standard

Under the *Westfall* Act, 28 U.S.C. § 2679, *et seq.*, when a federal employee is personally

named in a suit "for injury or death arising or resulting from the negligent or wrongful act of [that] employee of the Government while acting within the scope of his office or employment," and the Attorney General certifies the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the United States shall be substituted as the defendant in place of the employee and the individual employee must be dismissed. 28 U.S.C. § 2679(b)(1); (c); (d)(1); *see also De Martinez v. Lamagno*, 515 U.S 417, 420 (1995).

While substitution is automatic following the Attorney General's certification, that certification is not always conclusive. *Heuton v. Anderson*, 75 F.3d 357, 361 (8th Cir. 1996). A plaintiff may challenge substitution by coming forward with "specific facts rebutting the [Attorney General's] certification" with a showing that a named defendant acted outside the scope of his or her federal employment. *Kearns v. United States*, 23 F.4th 807, 811–12 (8th Cir. 2022). To make this showing, however, the plaintiff's evidence must be sufficiently persuasive to overcome the "prima facie evidence that the employee's challenged conduct was within the scope of employ," which the Attorney General's certification provides. *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). When deciding whether a plaintiff has overcome the Government's evidence, "the court should apply the genuine-issue-of-material-fact standard used at summary judgment, interpreting the evidence in the light most favorable to the party opposing substitution," and should permit discovery only if it finds material facts to be genuinely disputed. *Kearns*, 23 F.4th at 812 (citations omitted); *see also McAdams v. Reno*, 64 F.3d 1137, 1145 (8th Cir. 2016) ("An evidentiary hearing should be held if there are disputed facts . . . but there are none here.").

A plaintiff cannot meet this standard by reciting allegations from her complaint without more, nor may she do so by identifying factual disputes with no relevance to the question of federal employment. *Brown*, 949 F.2d at 1012, 1012 n.8 (rejecting argument against substitution that

3

"relied on [the plaintiff's] complaint"); *McAdams*, 64 F.3d at 1145 (deeming a fact dispute immaterial where, "even if [the disputed event] took place as described by [the plaintiff], there is no evidence to suggest it was outside the scope of [the defendants'] employment"). Finally, "nothing in the *Westfall* Act gives the district court authority to refuse to substitute the United States on the ground that either the Government or the employee denies the offensive conduct." *Heuton*, 75 F.3d at 360 (citations omitted).

## Argument

Plaintiff does not dispute—and thereby concedes—that the United States filed a procedurally proper *Westfall* Act certification. *See generally Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("We note first that the certificate is formally in order; it closely tracks the language of the Westfall Act."). Instead, she contends she is entitled to discovery on substitution because she has created a genuine dispute of material fact. This is not so.

### I.    Plaintiff Misstates Applicable Legal Standards.

As an initial matter, Plaintiff offers an incomplete statement of the law governing substitution and discovery.[1] Specifically, Plaintiff cites a district court case from outside the Eighth Circuit to suggest that discovery is needed whenever a plaintiff has alleged "sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." ECF No. 32 at 7 (citing *Taylor v. Clark*, 821 F. Supp. 2d 370, 373 (D.D.C. 2011)). But that is inconsistent with a large body of Eighth Circuit caselaw recognizing that a Plaintiff must come forward with "specific facts rebutting the Attorney General's certification" and holding that a plaintiff cannot rely on her Complaint alone to create a fact dispute. *Kearns*, 23 F.4th at 811; *Brown*, 949 F.2d at 1012, 1012 n.8.

---

[1] The United States has provided a more complete statement in the preceding section.

4

*Supinski v. United States*, a case from the Eastern District of Missouri, models the correct analysis in this Circuit. No. 4:07-cv-963, 2007 WL 4245009 (E.D. Mo. Nov. 29, 2007). In *Supinski*, the United States moved to substitute itself for an FAA employee alleged to have caused the wrongful death of the plaintiff's daughter. *Id.* at *1. The plaintiff opposed the motion, arguing that the court should "delay the motion until further discovery is completed regarding, whether, under Missouri law, [the employee] was acting within the scope of his employment." *Id.* The Court rejected that request, holding that "Plaintiff ha[d] not provided any specific evidence [and] rel[ied] solely upon an assertion that discovery might disclose such evidence," and that such assertions were "simply inadequate to overcome the presumption" created by the Attorney General's certification. *Id.* Consistent with *Brown* and *Supinski*, this Court should not permit Plaintiff to manufacture a fact dispute and obtain discovery based upon nothing other than Plaintiff's statement that "[t]here remain questions of fact as to whether the acts and omissions of Defendants Gasperoni and Stuart were acting within their scope of employment with the DEA . . . . " Opp'n at 8, ECF No. 32; *Brown*, 949 F.2d at 1012; *Supinski*, 2007 WL 4245009, at *1. Absent "specific facts rebutting the Attorney General's certification," discovery is simply unwarranted. *Kearns*, 23 F. 4th at 812.

## II.    Plaintiff's Complaint Pleads Conduct Facially Within the Agents' Employment.

Beyond the absence of any such facts, Plaintiff's own Complaint demonstrates why discovery is unwarranted and substitution is proper. Plaintiff's Complaint is replete with allegations that the Agents were "acting in the scope of their employment" with the DEA, a federal agency. *Infra* at 1 (collecting citations); *see also* Complaint, ECF No. 1 ¶ 20. These assertions constitute judicial admissions that the Agents' conduct was in the scope of their federal employment. *See Knudsen v. U.S.*, 254 F.3d 747, 752 (8th Cir. 2001) ("Factual statements in a

party's pleading are generally binding on that party unless the pleading is amended."). Plaintiff may not now "controvert" her admissions through her Opposition. *Id.* ("Judicial efficiency demands that a party not be allowed to controvert what it has already told a court by the most formal and considered means possible.") (quoting *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir.1997)).

Beyond those admissions, Plaintiff's Complaint plainly alleges conduct facially within the scope of the Agents' employment. Under Missouri law, the scope of employment "analysis focuses on whether the act was done by virtue of the employment and in furtherance of the business or interest of the employer." *Magee v. United* States, 9 F.4th 675, 680 (8th Cir. 2021) (citations omitted). That standard is easily satisfied on the face of Plaintiff's Complaint, the gravamen of which is that the Agents interacted with Mr. Slay as part of a surveillance operation. Complaint, ECF No. 1 ¶ 24. While the Complaint is short on details about the alleged operation, Plaintiff's Opposition clarifies her position that the Agents were acting in support of a "local task force." ECF No. 32 at 7-8. Providing assistance to TFOs (who themselves qualify as cross-designated federal officers by operation of law)[2] falls comfortably within the ambit of a DEA agent's typical duties. *See* 28 U.S.C. § 878 (noting DEA's authority to designate local officers as federal officials); *State and Local Task Forces*, United States Drug Administration, https://www.dea.gov/operations/state-and-local-task-forces (last accessed March 21, 2024) (discussing DEA's long history of collaboration between Agents and cross-designated TFOs, and explicitly noting that 2,200 DEA federally employed DEA agents work for such task forces); *see also Magee*, 9 F.4th at 681 (considering agency documents and policies when assessing scope of

---

[2] *Yassin v. Weyker*, 39 F.4th 1086 (8th Cir. 2022) (deeming state officer designated as an FBI Task Force Officer a federal agent).

employment). On the face of Plaintiff's own Complaint, therefore, the Agents were acting within the scope of their federal employment.

### III.     Plaintiff's Evidence Raises No Disputes of Material Fact.

Based on the foregoing, the Court must substitute the United States and should not permit discovery on the scope issue. Plaintiff's other arguments do nothing to alter this conclusion.

#### A.  Gasperoni's Testimony Does Not Establish Him as a State Officer.

First, Plaintiff's contention that she has produced evidence to show that Agent Gasperoni "works for the Springfield Police Department (SPD) and operates under an assigned SPD credential number," ECF No. 32 at 7, is belied by the very evidence she cites. The interrogation transcript Plaintiff cites contains the following exchange:

> Q. Okay. So, as part of the DEA…I know I work for the Police Department here and I have a badge number that's assigned to me. Do you have any kind of serial number or badge number assigned to you?
>
> A [Agent Gasperoni]. Yes, I have a credential number and then I have a badge number as well."

Ex. A at 3, ECF No. 32-2.

As this exchange makes clear, Agent Gasperoni was simply responding to the interrogator's question as to whether he has "any kind" of identification number. In response, he states that he, Agent Gasperoni, has both a credential number and a badge number that the DEA assigned to him, much as the interrogator had a badge number from SPD, which employed the interrogator.

The context in which the question and Agent Gasperoni's response appear confirms that Plaintiff has misread Agent Gasperoni's testimony. Immediately before the question, Agent Gasperoni states that he has been employed by DEA for a year and a half, and immediately after that, he answers the interrogator's question about "other law enforcement experience" by saying

that *before* the DEA, he worked for a local police department. *Id.* at 4. Plaintiff's reliance on Agent Gasperoni's testimony to support the opposite inference is baseless and instead demonstrates that substitution is proper.

**B. The Agents' "Collaboration" with a Task Force Officer and Use of the Word "Police" Do Not Create a Fact Dispute.**

Plaintiff's argument that the Agents may be state officers because they "work in conjunction" with state police officers and were responding to a call from "City of Springfield Task Force Officer Nick Mittag," ECF No. 8 at 6-8, is similarly misplaced. As an initial matter, Plaintiff cites no authority for the proposition that a federal officer who assists a state policeman thereby becomes a state officer. Even if such authority existed, Plaintiff admits that Officer Mittag is a TFO, and the judicially noticeable materials cited above (*infra* at 6) show both that (a) DEA Agents regularly work with TFOs as part of their federal duties, and (b) a TFO like Officer Mittag is vested with federal as well as state authority. *See generally Yassin*, 39 F.4th 1086; *see also* 28 U.S.C. § 878 (authorizing the Attorney General to designate local officers to perform federal law enforcement functions). Accordingly, the allegation that Officer Mittag was a TFO is irrelevant to the question of whether Agents Gasperoni and Stuart acted in the scope of their federal employment.

Finally, Plaintiff's allegations that the Agents shouted the word "police" or wore vests bearing that word have no bearing on the scope of employment inquiry. In *Yassin*, the Eighth Circuit clearly held that a federal TFO's identification of herself as a state police officer did not alter the federal source of her authority or transform her into a state actor. 39 F. 4th at 1091–92. The same principle applies in this case.

For all the foregoing reasons, the "factual disputes" Plaintiff purports to identify are neither genuine nor material to the scope of employment issue. They likewise do nothing to negate her

repeated admissions that the Agents acted in the scope of their employment with the United States. Further, it is clear from the transcripts Plaintiff cites that Agents Gasperoni and Stuart were surveilling and interdicting suspected drug transactions—conduct clearly within the scope of employment of agents of the DEA. Accordingly, the Court should hold that Plaintiff has not borne her burden to rebut the Attorney General's certification, which is *prima facie* evidence that the Agents acted within the scope of their federal employment. *Brown*, 940 F.2d at 1012.

## Conclusion

The Court should substitute the United States for Agents Gasperoni and Stuart as defendant to Counts VI, VII, VIII, and IX of Plaintiff's Complaint. Those same Counts should be dismissed as to the Agents.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By:     */s/ Wyatt R. Nelson*
Wyatt R. Nelson
Assistant United States Attorney
Missouri Bar No. 72944
901 St. Louis Street, Suite 500
Springfield, MO 65806
Telephone: (417) 831-4406
Facsimile: (417) 831-0078
ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA
Wyatt.Nelson@usdoj.gov

9

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 9th day of April 2024, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

*/s/ Wyatt R. Nelson*
Wyatt R. Nelson
Assistant United States Attorney