UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TINA RICHARDSON, individually and as successor-in-interest to Decedent Caleb Slay, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 6:23-cv-03337-RK ) |
| UNITED STATES OF AMERICA, ANTHONY GASPERONI, individually and in his official capacity as an agent for the United States Drug Enforcement Administration, JOHN STUART, individually and in his official capacity as an agent for the United States Drug Enforcement Administration, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT UNITED STATES' REPLY SUGGESTIONS IN SUPPORT OF IT'S MOTION TO DISMISS, ECF NO. 33**

On March 18, 2024, Defendant United States filed its motion to dismiss Plaintiff's Counts V, VI, VIII, IX, and part of Count VII for failure to state a claim under Fed. R. Civ. P. 12(b)(6), along with suggestions in support. Mot., ECF No. 33; Suggestions in Supp., ECF No. 34. Plaintiff filed her Suggestions in Opposition on April 1, 2024. Suggestions in Opp'n, ECF No. 48.

Plaintiff either concedes or abandons several her tort claims. She concedes that Count VIII should be dismissed in its entirety because, as a matter of law, she has no claim for intentional infliction of emotional distress. Suggestions in Opp'n at 11 ("Plaintiff concedes that Plaintiff's claim [for] Intentional Infliction of Emotional Distress is actionable under Plaintiff's claims for Assault and Battery."). Plaintiff also concedes that she has no claim for negligent failure to supervise (one of the many negligence theories included in Count IX). *Id.* at 14. In addition,

Plaintiff does not address the United States' argument that any negligence claims arising from Agent Gasperoni's tasering and shooting of Mr. Slay must be dismissed because a negligence claim cannot be premised upon an intentional act. Plaintiff merely argues that she has stated a claim for negligence premised upon unspecified "negligent pre-arrest tactics." *Id.* ("Defendant US further argues that Defendant Gasperoni's use of the taser and infliction of deadly force cannot be the basis for the negligence claims because Defendant Gasperoni's taser deployment and firearm discharge were intentional acts. Conversely, Plaintiff maintains that . . . the allegations in the Complaint, if accepted as true, as sufficient to establish negligent pre-arrest tactics by both Defendant Agents."). As such, Plaintiff has abandoned Count VI and the portion of Count IX premised[1] upon Agent Gasperoni's tasering and shooting of Mr. Slay, and these claims should be dismissed as to the United States. *See* Compl. ¶¶ 118, 143, 146. *Jarrett v. Henkel Corp.*, No. 4:15-CV-0832-DGK, 2016 WL 409819, at *2 (W.D. Mo. Feb. 2, 2016) ("A plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims.").

Despite conceding multiple claims, Plaintiff's opposition brief argues that "the basis of Defendant US' Motion to Dismiss rests entirely on disputed questions of material facts, which are premature to be determined at the pleading stage." Suggestions in Opp'n at 10. However, a Rule 12(b)(6) motion assumes the truth of all factual allegations in a complaint. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). The issue is whether, as a matter of law, Plaintiff's complaint states a cause of action. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. This procedure,

---

[1] The United States original motion only argued that the negligence claims in Count IX explicitly premised upon Agent Gasperoni's shooting of Mr. Slay were a legal impossibility. Suggestions in Supp. at 12–13, ECF No. 34; *see also* Compl. ¶ 143, 146. Plaintiff's opposition brief makes clear that *all* of her Count IX negligence claims are premised upon Agent Gasperoni's shooting of Mr. Slay. *See supra* Part II. As such, Count IX should be dismissed in its entirety as to the United States.

operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. . . . [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed . . . .") (internal citations omitted); *Duncan v. Jack Henry & Assocs., Inc.*, 617 F.Supp.3d 1011, 1054 n.30 (W.D. Mo. 2022). For the reasons stated below, Plaintiff has failed to state a cause of action as to her remaining claims, and her arguments in opposition to their dismissal are unavailing.

Plaintiff attaches three exhibits to her opposition brief: two transcripts of interrogation interviews conducted by the Springfield Police Department, and a "Declaration of [Plaintiff's Counsel] in support of Plaintiff's Suggestions in Opposition to Defendant United States' Motion to Dismiss."[2] Declaration, ECF No. 48-1; Ex. A, ECF No. 48-2, Ex. B, ECF No. 48-3. These should be ignored in ruling on this motion to dismiss, as the purpose of a Rule 12(b)(6) motion is to determine whether a plaintiff has adequately pled their complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a *complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).[3]

---

[2] Curiously, Plaintiff's Counsel asserts that she has personal knowledge of the facts giving rise to Plaintiff's Complaint, "and, if called as a witness, [she] could and would competently testify thereto." Decl., ECF No. 48-1 ¶ 1.

[3] Though the Court may convert this Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, it need not do so here. *See Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015) ("Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or in opposition to the motion. A district court does not convert a motion to dismiss into a motion for summary judgment when, for example, it does not rely upon matters outside the pleadings in granting the motion."). Plaintiff's Counsel's Declaration appears to merely summarize the factual allegations in the Complaint, and the interrogation transcripts are irrelevant to the arguments made by the United States in its Motion to Dismiss. It appears that Plaintiff has only included these interrogation transcripts in an attempt to controvert the United States' substitution of Agents Gasperoni and Stuart on Counts VI, VII, VIII, and IX. The United States' substitution as party-defendant for Agents Gasperoni and Stuart is the subject of a separate motion, ECF No. 28, which is now fully briefed.

**I. Plaintiff's Count VII—for "assault/battery"—must be dismissed to the extent it is premised on the conduct of Agent Stuart, as Plaintiff argues a theory of liability which she did not plead in her Complaint.**

In its original motion, the United States argued that Plaintiff's Count VII failed to allege any assault or battery claim against the United States premised on Agent Stuart's conduct. *See* Suggestions in Supp. at 5, ECF No. 34. In response, Plaintiff argues that she has sufficiently plead assault and battery claims premised on Agent Stuart's "forcibly grabb[ing] onto [Mr. Slay's] person during the encounter." Suggestions in Opp'n at 12, ECF No. 48.[4] However, Plaintiff did not plead this theory in her Complaint. Compl. ¶ 124, ECF No. 1 ("Defendants touched [Mr. Slay] with the intention and purpose to harm or offend him when Defendants egregiously and unjustifiably tasered and then shot [Mr. Slay] without cause or provocation. . . ."). As such she cannot rely upon it now to defeat the instant motion. *Fischer v. Minneapolis Pub. Sch.*, 792 F.3d 985, 990 n.4 (8th Cir. 2015); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("'[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.' To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.") (internal citation omitted) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

**II. Plaintiff's arguments in support of her remaining negligence claims are unavailing.**

As noted above, Plaintiff has abandoned her negligence claims premised upon Agent Gasperoni's tasering and shooting of Mr. Slay. As such, Plaintiff's Count VI must be dismissed in its entirety, and the portion of Count IX alleging "negligent" tasering and shooting of Mr. Slay must likewise be dismissed. *See* Compl. ¶¶ 118, 143, 146. Similarly, Plaintiff concedes that she

---

[4] Plaintiff also argues that she has properly pled assault and battery claims premised on the conduct of Agent Gasperoni. Suggestions in Opp'n at 11–12, 13, ECF No. 48. However, the United States does not move for dismissal of that portion of Count VII. *See* Mot., ECF No. 33; Suggestions in Supp. at 5–6, ECF No. 34.

4

has no claim for failure to supervise. Suggestions in Opp'n at 14, ECF No. 48; *See* Compl. ¶ 150. As such, Plaintiff's only remaining negligence claims against the United States are for what she refers to as "negligent pre-arrest tactics" and "failure to intervene." Suggestions in Opp'n at 16–17, ECF No. 48. However, Plaintiff's Suggestions in Opposition make clear that—like her negligent tasering and shooting claims—her remaining claims are also premised on Agent Gasperoni's intentional actions. In addition, Plaintiff's arguments against application of the public duty doctrine are unavailing, and Plaintiff has failed to provide any caselaw to support that such claims are available under Missouri law.

    A.    **Assuming such claims are available under Missouri law, Plaintiff's remaining negligence claims are premised upon Agent Gasperoni's intentional shooting of Mr. Slay.**

Plaintiff's Suggestions in Opposition refers to her claims that Agents Stuart and Gasperoni "acted negligently in the use of deadly force against [Mr. Slay,]" by "(a) failing to perform a reasonable evaluation of the circumstances prior to using lethal force; (b) failing to maintain situational awareness throughout the encounter; (c) failing to communicate with other agents/officers on scene and over the radio; (d) failing to consider the dangers posed by tasering a person in the neck before shooting lethal rounds immediately thereafter; (e) failing to give any warnings before exercising such a high level of force as their training requires; . . . and (g) failing to intervene to prevent further violation of Decedent's constitutionally protect rights" as either "negligent pre-arrest tactics" claims or "failure to intervene" claims. Suggestions in Opp'n at 14, 16–17; *see also* Compl. ¶ 144. In its original motion the United States argued that, even assuming such claims had a basis in Missouri law, these are conclusory allegations which contain no facts that would support a plausible claim for relief. Suggestions in Supp. at 9 n. 7, ECF No. 34. In response, Plaintiff states the following:

> If accepted as true, Defendant Agents failed to take appropriate actions when they first contacted Decedent. Decedent was compliant with Defendant Gasperoni's command to stop and talk to him. Decedent was not committing a crime nor was Decedent acting violently toward officers or others. Further, Decedent was transparent and forthcoming with Defendant Agents that he was in lawful possession of a firearm. Nevertheless, Defendant Agents used physical force to seize Decedent by grabbing his body and wrists, tasering him in the neck, and shooting him in the head three times despite Decedent experiencing neuromuscular incapacitation from the taser at the time the shots were fired. Neither Defendant Agent intervened to prevent unreasonable force from being used against Decedent. Decedent suffered loss of life as a result.
>
> . . .
>
> At no point did Defendant Stuart intervene when Defendant Gasperoni tasered [Mr. Slay] in the neck, nor did Defendant Stuart intervene when Defendant Gasperoni shot Decedent in the head three times while experiencing neuromuscular incapacitation.

Suggestions in Opp'n at 16, 17, ECF No. 48.

Plaintiff's argument is nothing more than a restatement of her factual allegations. She provides no caselaw to indicate that such claims are actionable under Missouri law.[5]

More importantly, the above excerpts from Plaintiff's opposition brief shows that Plaintiff cannot establish that any "negligent pre-arrest tactics" or "failure to intervene" caused Mr. Slay's death. Plaintiff admits that Agent Gasperoni's intentional shooting of Mr. Slay caused his death. *Id.* ("Defendant agents used physical force . . . shooting him in the head three times . . . . Decedent suffered loss of life as a result."). This is consistent with her Complaint. Compl. ¶¶ 27, 35; *see also* Compl. ¶ 145 ("Defendants knew, or should have known, that tasering a person in the neck

---

[5] Plaintiff does cite to *Campbell v. City of Yonkers*, 2020 WL 5548784, at *10 (S.D.N.Y. Sept. 16, 2020) to support her "failure to intervene" claim. Suggestions in Opp'n at 17, ECF No. 48. *Campbell v. City of Yonkers* is inapplicable and is bad law in any event. In that case, the Southern District of New York preliminarily recognized *Bivens* and § 1983 claims for failure to intervene—*i.e.,* claims premised upon the violation of federal constitutional rights, not negligence claims under Missouri tort law—before reversing itself and holding that such claims were not viable under modern Supreme Court precedent. 2020 WL 5548784 at *9–11; *see also Campbell v. City of Yonkers*, 2023 WL 4867459 at *8–9 (reconsidering prior decision in light of *Egbert v. Boule*, 596 U.S. 482 (2022), and concluding that no *Bivens* claim was available).

and shooting multiple bullets at a person's head from a close range will likely cause serious, life-threatening injuries caused by the gunshot wounds."). Assuming that Agents Gasperoni and Stuart were somehow negligent in their pre-arrest tactics, or that Agent Stuart somehow negligently failed to intervene, Agent Gasperoni's shooting of Mr. Slay is the actual and proximate cause of Mr. Slay's death.

In *Friday v. McClure*, two police officers responded to a 911 call made by a decedent who had been arrested the day prior "while exhibiting 'bizarre' and 'possibly emotionally disturbed' behavior." 536 S.W.3d 235, 238 (Mo. Ct. App. 2017). They arrived at the decedent's home and attempted to check on the decedent in her bedroom. *Id.*

> Upon entering, McClure asked [decedent] if she was okay and then proceeded to turn the volume down on her stereo. McClure testified that, as he adjusted the volume, he might have inadvertently brushed [decedent's] leg. [Decedent] suddenly jumped from her bed, grabbed a gun, and pointed the gun at Theison. McClure then drew his sidearm and fatally shot [decedent].

*Id.* The decedent's son brought a negligence claim against the officers. The district court dismissed the claim, and the Missouri Court of Appeals upheld the dismissal. As the appellate court noted,

> it is undisputed that the cause in fact of [decedent's] death was McClure's intentional shooting. [Plaintiff's] brief even "concedes that McClure intended to shoot [decedent] at the time of the shooting." *Id.* at 239. This concession alone is dispositive of [plaintiff's] underlying negligence claim . . . . Evidence of an act purposefully done negates negligence. While [Plaintiff] offered evidence probative of proximate cause, he offered no evidence McClure's antecedent acts were both the proximate cause and the cause in fact of wrongful death. He cannot have a submissible negligence claim while conceding the actual cause of death was an intentional act. It is a legal impossibility.

*Friday v. McClure*, 536 S.W.3d 235, 239 (Mo. Ct. App. 2017).

Just as in *Friday*, Plaintiff offers no factual allegations that Agent Gasperoni or Stuart's antecedent acts were both the proximate and cause in fact of Mr. Slay's death. Instead, her

Complaint and briefing make clear that the cause of Mr. Slay's death was the intentional shooting by Agent Gasperoni. As such, Plaintiff's claims under Count IX premised upon "negligent pre-arrest tactics" and "failure to intervene" are a legal impossibility and must be dismissed.

In light of this, the Court need not address the applicability of Missouri's public duty doctrine to Plaintiff's remaining negligence claims. However, the public duty doctrine nonetheless bars Plaintiff' negligence claims for the reasons stated below.

### B. Plaintiff's arguments against application of the public duty doctrine fail.

Plaintiff argues Missouri's public duty doctrine is inapplicable to her negligence claims because "[Mr. Slay] was the intended target of defendant Agents' investigation and was on his private property when Defendant Agents made contact." Suggestions in Opp'n at 16, ECF No. 48. Plaintiff does not explain why Mr. Slay's position on his own property makes the public duty doctrine inapplicable. In addition, Plaintiff's Complaint is devoid of any allegations that Mr. Slay was the "intended target" of Agent Gasperoni and Stuart's investigation.

Even if such allegations were contained in her Complaint, they would be immaterial. Plaintiff incorrectly argues that the public duty doctrine only applies to negligence claims brought by bystanders injured while law enforcement officers attempt to arrest another person.[6] In fact, the public duty doctrine is much broader, and applies wherever a public employee owes a duty to the general public rather than a particular individual. *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008); *see also Cooper v. Planthold*, 857 S.W.2d 477, 479-480 (Mo. Ct. App. 1993) (holding that the public duty doctrine barred a negligence claim premised on failure to remove suspenders from an inmate because removal of personal property not only prevented self-harm to inmates, but also served the public at-large by "avoid[ing] needless litigation over allegedly lost

---

[6] In making this argument, Plaintiff again concedes that Agent Gasperoni "deliberately exercised force against [Mr. Slay] causing him physical harm and eventually death." Suggestion in Opp'n at 16, ECF No. 48.

8

property"). Missouri courts "have broadly construed the meaning of public duties in cases involving the duties of police officers." 857 S.W.2d at 479.

Plaintiff's complaint alleges negligence arising out of the investigatory actions of law enforcement in effectuating an arrest. *See* Compl. ¶ 24. Investigations by law enforcement are unquestionably a duty owed to the general public. *White v. United States*, No 4:15CV1252SNLJ, 2019 WL 1426292, at *12 (E.D. Mo. Mar. 29, 2019); *Berger v. City of Univ. City*, 676 S.W.2d 39, 41 (Mo. Ct. App. 1984) ("Enforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen."). Thus, even assuming Mr. Slay was the "intended target" of Agents Stuart and Gasperoni's investigation, Agents Stuart and Gasperoni nonetheless owed a duty "to the public at large and not to a particular individual." *Cooper v. Planthold*, 857 S.W.2d at 480. Plaintiff can therefore show no breach of any duty owed to Mr. Slay, and her negligence claims must be dismissed.

### III. Plaintiff's Count V must be dismissed.

Plaintiff's response continues her quixotic attempt to argue that Agents Gasperoni and Stuart were not acting within scope of their employment as DEA Agents. *See* Suggestions in Opp'n at 18, ECF No. 48; Pl's Suggestions in Opp'n to Mot. to Substitute, ECF No. 32. For the reasons stated in the United States Reply in Support of Substitution, ECF No. 53, this is an absurd contention. As such, Count V should be dismissed as all potential claims therein are redundant. Further, assuming Plaintiff could somehow defeat the United States' substitution as party-defendant for Agents Gasperoni and Stuart on the tort claims, Plaintiff could not then hold the United States liable for the actions of Agents Gasperoni and Stuart. The United States has not waived its sovereign immunity for tort claims that are not premised on the actions of its employees made within the scope of their employment. *Alberty v. United States*, 54 F.4th 571, 575 (8th Cir.

property"). Missouri courts "have broadly construed the meaning of public duties in cases involving the duties of police officers." 857 S.W.2d at 479.

Plaintiff's complaint alleges negligence arising out of the investigatory actions of law enforcement in effectuating an arrest. *See* Compl. ¶ 24. Investigations by law enforcement are unquestionably a duty owed to the general public. *White v. United States*, No 4:15CV1252SNLJ, 2019 WL 1426292, at *12 (E.D. Mo. Mar. 29, 2019); *Berger v. City of Univ. City*, 676 S.W.2d 39, 41 (Mo. Ct. App. 1984) ("Enforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen."). Thus, even assuming Mr. Slay was the "intended target" of Agents Stuart and Gasperoni's investigation, Agents Stuart and Gasperoni nonetheless owed a duty "to the public at large and not to a particular individual." *Cooper v. Planthold*, 857 S.W.2d at 480. Plaintiff can therefore show no breach of any duty owed to Mr. Slay, and her negligence claims must be dismissed.

### III. Plaintiff's Count V must be dismissed.

Plaintiff's response continues her quixotic attempt to argue that Agents Gasperoni and Stuart were not acting within scope of their employment as DEA Agents. *See* Suggestions in Opp'n at 18, ECF No. 48; Pl's Suggestions in Opp'n to Mot. to Substitute, ECF No. 32. For the reasons stated in the United States Reply in Support of Substitution, ECF No. 53, this is an absurd contention. As such, Count V should be dismissed as all potential claims therein are redundant. Further, assuming Plaintiff could somehow defeat the United States' substitution as party-defendant for Agents Gasperoni and Stuart on the tort claims, Plaintiff could not then hold the United States liable for the actions of Agents Gasperoni and Stuart. The United States has not waived its sovereign immunity for tort claims that are not premised on the actions of its employees made within the scope of their employment. *Alberty v. United States*, 54 F.4th 571, 575 (8th Cir.

property"). Missouri courts "have broadly construed the meaning of public duties in cases involving the duties of police officers." 857 S.W.2d at 479.

Plaintiff's complaint alleges negligence arising out of the investigatory actions of law enforcement in effectuating an arrest. *See* Compl. ¶ 24. Investigations by law enforcement are unquestionably a duty owed to the general public. *White v. United States*, No 4:15CV1252SNLJ, 2019 WL 1426292, at *12 (E.D. Mo. Mar. 29, 2019); *Berger v. City of Univ. City*, 676 S.W.2d 39, 41 (Mo. Ct. App. 1984) ("Enforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen."). Thus, even assuming Mr. Slay was the "intended target" of Agents Stuart and Gasperoni's investigation, Agents Stuart and Gasperoni nonetheless owed a duty "to the public at large and not to a particular individual." *Cooper v. Planthold*, 857 S.W.2d at 480. Plaintiff can therefore show no breach of any duty owed to Mr. Slay, and her negligence claims must be dismissed.

### III. Plaintiff's Count V must be dismissed.

Plaintiff's response continues her quixotic attempt to argue that Agents Gasperoni and Stuart were not acting within scope of their employment as DEA Agents. *See* Suggestions in Opp'n at 18, ECF No. 48; Pl's Suggestions in Opp'n to Mot. to Substitute, ECF No. 32. For the reasons stated in the United States Reply in Support of Substitution, ECF No. 53, this is an absurd contention. As such, Count V should be dismissed as all potential claims therein are redundant. Further, assuming Plaintiff could somehow defeat the United States' substitution as party-defendant for Agents Gasperoni and Stuart on the tort claims, Plaintiff could not then hold the United States liable for the actions of Agents Gasperoni and Stuart. The United States has not waived its sovereign immunity for tort claims that are not premised on the actions of its employees made within the scope of their employment. *Alberty v. United States*, 54 F.4th 571, 575 (8th Cir.

2022) ("The FTCA 'serves as a limited waiver of sovereign immunity, opening the door to state-law liability claims against the federal government for harm caused by government employees.'") (quoting *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019)); 28 U.S.C. § 1346(b) (granting federal courts jurisdiction over actions "for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*") (emphasis added). As such, if the Court does not grant the United States' motion for substitution (and dismiss Count V), it must dismiss the United States from all of Plaintiff's tort claims.

### Conclusion

For the reasons stated above and in its original motion, the United States respectfully requests the Court dismiss Plaintiff's Counts V, VI, VIII, and IX to the extent they are premised on the conduct of any federal actor. The United States also requests the Court dismiss Count VII to the extent it is premised on the conduct of any federal actor other than Agent Gasperoni.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By: /s/ *Wyatt R. Nelson*
Wyatt R. Nelson
Assistant United States Attorney
Missouri Bar No. 72944
901 St. Louis Street, Suite 500
Springfield, MO 65806
Telephone: (417) 831-4406
Facsimile: (417) 831-0078
ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA
Wyatt.Nelson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 15th day of April 2024, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

                                                    */s/ Wyatt R. Nelson*
                                                    Wyatt R. Nelson
                                                    Assistant United States Attorney